# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARTHUR E. PENNINGTON, II, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 11-CV-269-GKF-PJC |
| ANITA TRAMMELL, Warden, | ) |
| Respondents. | ) |

## OPINION AND ORDER

On May 3, 2011, Petitioner, appearing *pro se*, filed a 28 U.S.C. § 2254 habeas corpus petition. On June 3, 2011, Petitioner filed a motion for appointment of counsel (Dkt. # 8), exhibits in support of his petition (Dkt. # 9), and a "notice to the Court of undisputable [sic] facts" (Dkt. # 10). On June 14, 2011, Respondent filed a motion to dismiss the petition for failure to exhaust state remedies (Dkt. # 12). On June 22, 2011, Petitioner filed a response (Dkt. # 14). On June 27, 2011, Petitioner filed a "motion for permission to amend claims exhausted for relief" (Dkt. # 15). On September 6, 2011, attorney M. Michael Arnett entered his appearance on behalf of Petitioner (Dkt. # 16). For the reasons discussed below, the Court finds Respondent's motion to dismiss shall be denied. Counsel for Petitioner shall be directed to file an amended petition containing only exhausted claims. Petitioner's *pro se* motion to amend shall be declared moot.

As a preliminary matter, the Court notes that the proper party respondent in this case is the state officer having present custody of Petitioner. Petitioner is presently in custody at Mack Alford Correctional Center where the warden is Anita Trammell. Therefore, Anita Trammell, Warden, is the only proper respondent. The Attorney General of the State of Oklahoma shall be dismissed from this action.

The Court further finds that since an attorney has entered his appearance on behalf of Petitioner, the motion for appointment of counsel shall be declared moot.

**A. Respondent's motion to dismiss**

Respondent states that Petitioner is currently incarcerated as a result of convictions entered in Tulsa County District Court, Case No. CF-2008-2043. Respondent seeks dismissal of this action based on Petitioner's admission that a post-conviction appeal was pending before the Oklahoma Court of Criminal Appeals ("OCCA") when he filed his petition. Specifically, Respondent states that Petitioner's post-conviction appeal, Case No. PC-2011-412, remained pending. In response to the motion to dismiss, Petitioner provides a copy of the OCCA's order, entered June 15, 2011, in Case No. PC-2011-412, dismissing the post-conviction appeal. See Dkt. # 14.

A state prisoner generally may not raise a claim for federal habeas corpus relief unless he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). To exhaust a claim, a state prisoner must pursue it through "one complete round of the State's established appellate review process," giving the state courts a "full and fair opportunity" to correct alleged constitutional errors. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). If a state prisoner has not properly exhausted state remedies, the federal courts ordinarily will not entertain an application for a writ of habeas corpus unless exhaustion would have been futile because either "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(B)(I), (ii). The state prisoner bears the burden of proving that he exhausted state court remedies, see McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009), or that exhaustion would have been futile, see Clonce v. Presley, 640 F.2d 271, 273 (10th Cir. 1981). Requiring exhaustion may be futile if it is clear that

the state courts would impose a procedural bar on the petitioner's claims. Coleman v. Thompson, 501 U.S. 722 (1991). The exhaustion doctrine is "'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994) (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)). "When a petitioner raises a new claim in federal court that is not barred on other procedural grounds, the federal court may, in appropriate circumstance, hold the federal case in abeyance to allow the petitioner to take his unexhausted claim back to state court for adjudication." Fairchild v. Workman, 579 F.3d 1134, 1152 (10th Cir. 2009) (citing Rhines v. Weber, 544 U.S. 269, 278-79 (2005)).

Upon review of the record and based on events occurring during the pendency of Respondent's motion to dismiss, the Court finds the motion to dismiss for failure to exhaust available state remedies should be denied. The Court agrees with Respondent that at the time the motion to dismiss was filed, the fact that Petitioner had a pending post-conviction appeal subjected this action to dismissal. However, because Petitioner's post-conviction appeal has now been concluded, the Court finds Respondent's motion to dismiss shall be denied.

**B. Counsel for Petitioner shall file an amended petition**

Petitioner's *pro se* pleadings are not models of clarity. Because Petitioner is now represented by counsel, the Court shall direct counsel to file an amended petition containing only exhausted claims. As a result, Petitioner's *pro se* motion to amend shall be declared moot.

Respondent shall file a response to the amended petition within thirty (30) days of its filing. Petitioner may file a reply within thirty (30) days after the filing of Respondent's response.

3

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Attorney General of the State of Oklahoma is dismissed from this action.

2. Petitioner's motion for appointment of counsel (Dkt. # 8) is **declared moot**.

3. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 12) is **denied**.

4. Within thirty (30) days of the entry of this Order, counsel for Petitioner shall file an amended petition containing only exhausted claims.

5. Petitioner's motion to amend (Dkt. # 15) is **declared moot**.

6. Respondent shall file a response to the amended petition within thirty (30) days of its filing.

7. Petitioner may file a reply within thirty (30) days after the filing of Respondent's response.

SO ORDERED this 4th day of November, 2011.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma